CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 12 2006

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL CARPENTER,<br>    Plaintiff, | Civil Action No. 7:05cv00667 |
| v. | MEMORANDUM OPINION |
| SHERIFF OF ROANOKE CITY, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Michael Carpenter, proceeding pro se, brings this action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Carpenter alleges that the defendants subjected him to excessive force during an institutional search of his person. On February 14, 2006, the City of Roanoke filed a motion to dismiss, and on March 8, 2006, the remaining defendants[1] filed motions to dismiss. The court notified Carpenter of the defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but he filed no response. The court grants the City of Roanoke's motion to dismiss and grants the individual defendants' motions to dismiss any claims against them in their official capacities. However, the court construes Carpenter's complaint to name the individual defendants in their individual capacities as well and orders the defendants to file a response.

I.

A municipality is only liable for the constitutional torts of an officer if the tort was committed pursuant to a municipal policy or custom. Monell v. Department of Social Servs., 436 U.S. 658 (1978). In accordance with Virginia law, the sheriff, not the City of Roanoke, sets policy for the Sheriff's Office. See Strickler v. Waters, 989 F.2d 1375, 1390 (4th Cir. 1993). Thus, the defendants

---

[1] Sheriff of Roanoke City, Lt. James Ferguson, Sgt. Mike Goins, Deputy Lane Steck, Deputy Sean Slusser, and Deputy Glenn Minnix

cannot be said to have acted pursuant to policies of the City of Roanoke. Accordingly, the court grants the City of Roanoke's motion to dismiss.

## II.

To the extent Carpenter is suing the sheriff and other sheriff's office officials in their official capacities, these officers are officers of the state, and the Eleventh Amendment bars suits against them for money damages. See id.; Harris v. Hayter, 970 F.Supp. 500, 502 (W.D. Va. 1997). Moreover, claims against state officers in their official capacities are actually claims against the state itself, and the state is not a "person" amenable to suit under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (finding that neither a state nor its officials acting in their official capacities are subject to suit under §1983). Accordingly, the court grants the defendants' motions to dismiss any claims against them in their official capacities.

## III.

This leaves only Carpenter's claims for money damages against the officials in their individual capacities. See Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995) (holding that a § 1983 plaintiff need not expressly plead that he is suing state officials in their individual capacities). The court directs the defendants to respond to those claims. However, the court notes that Carpenter names the "Sheriff of the City of Roanoke" as a defendant but does not specify whether he means the current sheriff, Octavia Johnson, or the former sheriff, George McMillan. McMillan, not Johnson, was in office at the time of the alleged violations. Accordingly, the court construes Carpenter's claim as one against McMillan.

## IV.

For the reasons stated, the court grants the defendants' motions to dismiss, leaving only

Carpenter's claims against certain defendants in their individual capacities. The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This ___ day of June, 2006.

_____
United States District Judge